**UNITED STATES of America, Appellee,**

v.

**Marlin HAWK WING, Appellant.**

**No. 82–1902.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 9, 1982.

Decided Dec. 8, 1982.

Philip N. Hogen, U.S. Atty., D.S.D., Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Thomas L. Trimble, Sieler, Trimble & Crawford, Rapid City, S.D., for appellant.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Sixteen year old Marlin Hawk Wing was charged with assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(f). On July 15, 1982, the district court[1] found him guilty of the charge and adjudged him to be a juvenile delinquent.

On the evening of February 12, 1982, Marlin and Chester Hawk Wing became

---

1. The Honorable Donald J. Porter, United States District Judge, District of South Dakota.

involved in an argument. The two brothers ended up wrestling on the floor. Chester, who was approximately twice Marlin's size, was on top of Marlin. During the course of this fight, Marlin stabbed Chester with a butcher knife. Chester died early the next morning.

The district court found that "the use of the knife * * * did not constitute a lawful self-defense * * * for the reason that under all the circumstances then existing, the knife was a deadly weapon and the defendant would not have been justified in the use of force which is likely to cause death or great bodily harm, because under the circumstances he would not reasonably believe that such force was necessary to prevent death or great bodily harm." *United States v. Marlin Hawk Wing,* Dispositional Hearing, at 3 (W.D.S.D. Aug. 5, 1982). The court concluded that Chester was on top of Marlin at the time of the assault, and it gave consideration to Chester's superior size and weight. The court noted, however, that Chester was unarmed, that he was not a stranger, and that other family members were present at the time of the assault. (Others present were to some degree intoxicated, as were Chester and Marlin). *Id.* at 3–4.

Marlin did testify that he was in fear of serious injury at the time of the assault. The credibility of witnesses is of course a matter for the trier of fact. The record indicates that the district court did consider Marlin's testimony, and that the court was aware of various inconsistencies in that testimony.

When a criminal case is tried to the court, "factual findings made by the trial judge must stand unless determined to be clearly erroneous, at least where such findings concern matters other than the ultimate question of guilt. * * * When the determination of a question of fact is also determinative of the ultimate question of guilt, it is the duty of this court to determine whether or not there is substantial evidence, taking the view most favorable to the government, to support the fact determination by the trial court." *United States v. Marley,* 549 F.2d 561, 563 (8th Cir.1977). While the evidence is not unequivocal, we are mindful of the requirement that we must take the view most favorable to the government, and we cannot say that there is not substantial evidence to support the judgment of the trial court in this case as a matter of law. Accordingly, the judgment is affirmed.